UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEERE CREDIT, INC., et al.,            Case No. 1:11-cv-823
     Plaintiffs                                Litkovitz, M.J.

vs

CLAYTON RAILROAD
CONSTRUCTION, LLC, et al.,         ORDER
     Defendants

This matter is before the Court on plaintiffs' motion for judgment on the pleadings against defendants Clayton Railroad Construction, LLC and James R. McAdams, Sr. (Doc. 12), defendants' opposing memorandum (Doc. 14), and plaintiffs' reply in support of their motion. (Doc. 15). For the reasons that follow, plaintiffs' motion is DENIED.

## I. Background

Plaintiffs Deere Credit, Inc. ("Deere Credit"), Deere & Company ("Deere & Co."), and John Deere Construction & Forestry Company ("Deere Construction") (collectively "plaintiffs") filed this action against defendants Clayton Railroad Construction, LLC ("Clayton Railroad"), James R. McAdams, Sr., a/k/a James R. McAdams ("defendant McAdams, Sr."), and James R. McAdams, Jr. ("defendant McAdams, Jr.") under the diversity jurisdiction of the Court pursuant to 28 U.S.C. § 1332. This action involves: (1) a lease agreement between plaintiff Deere Credit and defendants Clayton Railroad and "James R. McAdams"[1]; (2) three loan contracts - security agreements between plaintiff Deere & Co. and defendant McAdams, Sr.; and (3) three loan contracts - security agreements between plaintiff Deere Construction and defendants Clayton Railroad and McAdams, Sr. (Doc. 1, Complaint).

---

[1] The parties dispute whether the lease agreement was signed by James R. McAdams Senior or Junior.

The complaint alleges that in March 2010, plaintiff Deere Credit, as lessor, and defendants Clayton Railroad and McAdams, Jr., as lessees, entered into a John Deere Master Lease Agreement (the "Agreement") for the lease of a John Deere model CT332 Track Loader with 48" HD Forks (Serial No. T0332TA159955) and a John Deere model HH75 Hydraulic Breaker (Serial No. T0HH75X120022) (collectively the "CT332 Track Loader"). The complaint alleges that Deere Credit filed a UCC Financing Statement with the Ohio Secretary of State giving notice of its ownership of the CT332 Track Loader. The complaint asserts that defendants are in default of their financial obligations under the Agreement and that under the terms of the Agreement, Deere Credit has the immediate right to repossess the equipment which defendants wrongfully retain.

Plaintiffs Deere & Co. and Deere Construction allege that subsequent to the above lease agreement, they entered into several loan contract security agreements with defendants Clayton Railroad and/or McAdams, Sr. to finance the purchase of various pieces of construction equipment. Plaintiffs allege that they filed UCC Financing Statements with the Ohio Secretary of State to perfect their security interests against the equipment. Plaintiffs allege that defendants are in default of their financial obligations under the contracts; that plaintiffs have the immediate right to possession under the terms of the contracts; that defendants remain in possession of the equipment; and that defendants are wrongfully retaining such equipment.

Plaintiff Deere Construction also alleges that it was assigned, and is the current holder of, a retail installment contract entered into by defendants Clayton Railroad and McAdams, Sr. for the purchase of a John Deere model 310SJ Wheel Loader Backhoe (Serial No. T0310SJ160937); that it has perfected its security interest in such equipment with the Ohio Secretary of State; that

2

defendants are in default of their financial obligations under the contract; and that Deere Construction has the immediate right to possess the backhoe under the terms of the contract.

Plaintiffs seek damages, permanent possession of such equipment, the costs of repossession of such equipment, and attorney fees, expenses, and costs.

Defendants deny that James R. McAdams, Jr. was a party to any of the agreements that form the basis of plaintiffs' claims. (Doc. 4, Answer at 1). However, defendants do not deny they are in default under the terms of all seven contracts nor the amount that is due under those contracts. Defendants' answer sets forth several affirmative defenses in response to plaintiffs' complaint and seeks dismissal of the complaint at plaintiffs' costs.

## II. Plaintiffs' motion for judgment on the pleadings

Plaintiffs move for judgment pursuant to Fed. R. Civ. P. 12(c) against defendants Clayton Railroad and McAdams, Sr.[2] Plaintiffs seek a money judgment and an order of possession of the equipment leased and purchased by defendants. Plaintiffs contend that they are entitled to the judgment they seek as a matter of law. (Doc. 12 at 3, citing *Astor v. International Bus. Machs. Corp.*, 7 F.3d 533, 538 (6th Cir. 1993)). Plaintiffs assert that defendants Clayton Railroad and McAdams, Sr. have admitted all material allegations of the complaint. Plaintiffs state these material allegations are: (1) the parties entered into the contracts attached to the complaint, (2) plaintiffs filed UCC Financing Statements establishing plaintiffs' security interests in all of the equipment, and (3) defendants defaulted under the terms of each contract. Plaintiffs contend that the pleadings in this case to which the Court can look in resolving their motion consist of the complaint, the answer, and any written instruments attached as exhibits. (*Id.*, citing *Felix v. Dow*

---

[2] Plaintiffs do not move for judgment on the pleadings against defendant McAdams, Jr.

*Chemical Co.*, No. 2:07cv971, 2008 WL 207857, at *1 (S.D. Ohio Jan. 23, 2008) (the complaint includes any written instrument attached to it as an exhibit, materials incorporated in the complaint by reference, and documents that, although not incorporated by reference, are integral to the complaint)).

Defendants contend that plaintiffs are not entitled to judgment on the pleadings because an actual controversy exists that goes beyond the admission of defendants Clayton Railroad and McAdams, Sr. that they are in default of the contracts. (Doc. 14 at 1). Defendants state that although they admit they are in default of the written agreements, they deny a number of allegations of the complaint. (*Id.* at 2).

In reply, plaintiffs contend that defendants have admitted all material allegations of the complaint and that defendants' denials are not material to the issues of liability and plaintiffs' rights to possession. (Doc. 15 at 1-2). Plaintiffs contends that only the amount of damages is in dispute. (*Id.* at 2).

### III. The motion for judgment on the pleadings is denied.

Fed. R. Civ. P. 12(c) provides: "After the pleadings are closed - but early enough as not to delay trial - a party may move for judgment on the pleadings." When deciding a motion for judgment on the pleadings, all well-pled material allegations of the pleadings of the opposing party must be accepted as true, and the motion may be granted only if the moving party is nonetheless clearly entitled to judgment. *Tucker v. Middleburg-Legacy Place,* 539 F.3d 545, 549 (6th Cir. 2008) (citing *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581 (6th Cir. 2007)). The motion is appropriately granted where the moving party clearly establishes that no material issues of fact exist and the movant is entitled to judgment as a matter of law. *Id.* (citing

*Winget*, 510 F.3d at 582).

Plaintiffs are not entitled to judgment as a matter of law against defendants Clayton Railroad and McAdams, Sr. based on the pleadings. In their answer to the complaint, defendants Clayton Railroad and McAdams, Sr. deny plaintiffs' allegations made in ¶¶ 12, 21, 30, 39, 48, and 66 of the complaint that plaintiffs have performed their obligations under the contracts. (Doc. 4, ¶¶ 12, 21, 30, 39, 48, 57, 66). Clayton Railroad and McAdams, Sr. further deny plaintiffs' allegation made in ¶ 23 of the complaint that Deere & Co. has the immediate right to possess certain equipment covered by the security agreements (Doc. 4, ¶ 24) and plaintiffs' allegations made in ¶¶ 33, 42, 60, 69 of the complaint that defendants McAdams, Sr. and Clayton Railroad are in possession of, and wrongfully retain possession of, certain pieces of equipment that are the subject of the security agreements (Doc. 4, ¶¶ 33, 42, 51, 60, 69). Defendants' denials must be accepted as true for purposes of the motion for judgment on the pleadings. *Tucker,* 539 F.3d at 549. While plaintiffs assert that the denials raised by defendants are not material to issues of liability and plaintiffs' rights to possession, plaintiffs have not set forth the substantive law governing their claims and have not addressed why the matters placed in dispute by defendants' denials do not affect plaintiffs' right to recovery under the applicable law. Thus, the Court is unable to say based solely on the pleadings that no material issues of fact exist and that plaintiffs are entitled to judgment against defendants Clayton Railroad and McAdams, Sr. as a matter of law.[3] *See Tucker,* 539 F.3d at 549.

---

[3]If plaintiffs assert there are no genuine issues of material fact concerning defendants' liability and plaintiffs' right to possession, the better course is for plaintiffs to submit matters outside the pleadings and to move for summary judgment as a matter of law under Fed. R. Civ. P. 56.

For these reasons, plaintiffs' motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is DENIED.

**IT IS SO ORDERED.**

Date: 7/2/12

Karen L. Litkovitz
United States Magistrate Judge